IN THE 16TH JUDICIAL CIRCUIT COURT OF JACKSON COUNTY, MISSOURI
AT KANSAS CITY

| | |
|---|---|
| **TARA HOLMES,** ) | |
| ) | |
| **PLAINTIFF,** ) | |
| ) | |
| V. ) | CASE NO. |
| ) | |
| **WALDO HEIGHTS** ) | |
| **APARTMENT COMPLEX** ) | |
| **Serve at:** ) | |
|    **8119 Campbell Street** ) | |
|    **Kansas City, Missouri 64131** ) | |
| ) | |
| **DEFENDANT.** ) | |

## PETITION FOR DAMAGES

**COMES NOW** the Plaintiff, Ms. Tara Holmes, by and through her undersigned counsel, and for her cause of action against the Defendant, Waldo Heights Apartment Complex, states as follows:

### PARTIES AND JURISDICTION

1. Plaintiff, Ms. Tara Holmes, is a resident of Jackson County and at all relevant times was lawfully present at the premises located at 8119 Campbell Street, Apt 1, Kansas City, Missouri.

2. Defendant Waldo Heights Apartment Complex is a business entity operating and maintaining the property located at 8119 Cambell Street, Kansas City, Missouri.

3. This Court has jurisdiction over this matter pursuant to RSMo §508.010 as the incident giving rise to this claim occurred in Jackson County, Missouri.

4. Venue is proper in this Court pursuant to RSMo §508.010 because the Defendant conducts business and maintains the subject premises in Jackson County.

## FACTUAL BACKGROUND

5. On or about August 18, 2024, Plaintiff was lawfully on the premises of Waldo Heights Apartment Complex located at 8119 Cambell Street in Kansas City, Missouri.

6. While walking on a sidewalk within the premises of the Defendant's property, Plaintiff tripped and fell due to a broken and hazardous condition of the sidewalk.

7. The broken sidewalk constituted an unsafe condition that posed a foreseeable risk of injury to individuals lawfully on the premises.

8. Defendant knew or should have known about the dangerous condition of the sidewalk but failed to repair it or provide adequate warning to visitors.

## CAUSE OF ACTION: PREMISES LIABILITY

9. At all relevant times, Defendant owed a duty of care to maintain its premises in a reasonably safe condition for lawful visitors such as Plaintiff.

10. Defendant breached its duty by:

    a. Failing to repair or remedy the broken sidewalk despite actual or constructive knowledge of its hazardous condition;

    b. Failing to warn Plaintiff and other visitors of the dangerous condition; and

    c. Allowing an unsafe condition to persist on its property.

11. As a direct and proximate result of Defendant's negligence, Plaintiff tripped and fell on the broken sidewalk, sustaining serious injuries.

## DAMAGES

12. As a result of Defendant's negligence, Plaintiff has suffered:

    a. Physical injuries requiring medical treatment;

    b. Pain and suffering;

    c. Emotional distress;

    d. Loss of income due to inability to work; and

    e. Other economic and non-economic damages.

13. Plaintiff has incurred substantial medical expenses and anticipates future medical costs related to the injuries sustained.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff respectfully requests that this Court enter judgment against Defendant for the following relief:

14. Awarding compensatory damages in an amount exceeding $25,000 for Plaintiff's injuries, pain and suffering, medical expenses (past and future), lost wages, and other related damages;

15. Costs incurred in bringing this action;

3. Pre-judgment and post-judgment interest as allowed by law;

16. Any further relief this Court deems just and proper.

Respectfully submitted,

CHIONUMA LAW FIRM, LLC

*/S/ Chuck N. Chionuma*

Chuck N. Chionuma, MO Bar 32956
406 W 34th Street, Ste 820
Kansas City, MO 64111
Telephone: (816) 421-5544
Facsimile: (816) 421-5353
**ATTORNEY FOR PLAINTIFF**